GUO LIANG CHEN, a.k.a. Chung Yu Chen, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Board of Immigration Appeals, Respondents.

No. 06–4941–ag.

United States Court of Appeals, Second Circuit.

Nov. 29, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Henry Zhang, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul E. Naman, Assistant United States Attorney, Beaumont, TX, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Guo Liang Chen, a native and citizen of the People's Republic of China, seeks review of a September 29, 2006 order of the BIA affirming the April 28, 2005 decision of Immigration Judge ("IJ") Paul A. De-Fonzo, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Liang Chen,* No. A96 395 168 (B.I.A. Sept. 29, 2006), *aff'g* No. A96 395 168 (Immig. Ct. N.Y. City Apr. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions, or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 304 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't. of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't. of Justice,* 471 F.3d 315, 339 (2d Cir.2006) (agreeing with

this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ's finding that Chen was not credible is supported by substantial evidence because he properly relied on discrepancies in the record: (1) Chen's supplemental statement asserting a second encounter with a county government official was inconsistent with his testimony and second written statement, which omitted that assertion; (2) the letter from his sister, which asserted that she and other "family members" tried to stop his arrest, was inconsistent with his testimony, which indicated that only his sister and mother were present; (3) his first written statement, asserting that he "lost" the government job in December 2002, was inconsistent with his second statement and testimony indicating that he found out that he was not hired in February 2003; and (4) his first statement, asserting that he "escaped" from the detention facility, was inconsistent with his second statement and testimony, which asserted that he was "released" from detention. The IJ was not required to credit the explanations that Chen offered to explain these discrepancies, as a reasonable factfinder would not have been compelled to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005). Therefore, these findings provide substantial evidence for his adverse credibility determination.

We are unpersuaded by Chen's argument that his first asylum application was suspect and that the IJ unduly relied on it to make his credibility finding. While that application was indeed unsigned, there is no indication in the record that Chen was unaware of its contents, and he testified to that effect at his hearing. Therefore, it was within the IJ's discretion to find that the first asylum application was probative,

especially when his attorney was responsible for submitting it to the IJ and putting it into the record. *See Xiao Ji Chen*, 471 F.3d at 341–42 (finding that the weight that an IJ assigns to evidence lies largely within his discretion); *cf. Zhi Wei Pang v. B.C.I.S.*, 448 F.3d 102, 108 (2d Cir.2006) (where the applicant testified that the contents of his asylum application had never been read to him, the fact that the application lacked several signatures did not make it unreliable *per se*, but it did support a claim that the application was improperly prepared in other respects).

While we do not agree with all the bases for the IJ's adverse credibility finding, remand would be futile here because we can confidently predict that the agency would adhere to its prior decision absent any error. *See Xiao Ji Chen*, 471 F.3d at 338–39. The cumulative effect of the IJ's proper findings provides substantial evidence for the IJ's adverse credibility determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (finding that an IJ may properly find the cumulative effect of discrepancies "consequential," even if those discrepancies, when taken separately, concern matters collateral or ancillary to the claim). Therefore, we affirm the IJ's denial of asylum.

Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is

DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).